*BAEDWIN, J.
 

 Upon the effect of the covenant between the parties in regard to the promissory note sued upon to prevent the action from being barred by the statute of limitations, and the other questions arising upon the pleadings, I concur in the opinion of Judge Moncure.
 

 But I think the Circuit court erred in excluding from the consideration of the jury the evidence offered by the defendant in the action to prove the following item in his account of setoffs: “1819, July 1st.- Cash paid Dr. Burton, 27 dollars 50cents.” The defendant’s two bills of exception on this subject, one of which refers to the other, may be properly treated together, and as presenting substantially the question, whether the proposed evidence was admissible for the purpose of proving the payment of so much money by the defendant’s testator, for the plaintiff’s intestate at his instance and request. The defendant produced a paper consisting of several parts, unattested by any subscribing witness, and purporting to be, 1st. An account of Dr. Burton against Elmore, the plaintiff’s intestate, for medical services. 2dly. The order of Elmore endorsed thereon addressed to Bowles, the defendant’s testator, requesting him to pay the amount of the account to Dr. Burton. 3dly. The acceptance of Bowles at the foot of the order. And to authenticate the paper as genuine, the defendant offered the parol evidence mentioned in the bills of exception. But the Court excluded from the jury the whole evidence written and parol, on the ground it seems that there was no proof of the handwriting of Elmore’s signature of the order, nor of his admission that it was his signature.
 

 In this decision the Court overlooked, I think, a distinction between writings attested by subscribing witnesses and those not so attested. Where an instrument is attested by a subscribing witness, the law requires him to be called to prove its execution; the parties ^having agreed that he shall be their witness of the fact; and the presumption being’ that he has a better knowledge than any other of the attending circumstances: and the omission to call him cannot be supplied by proof of any acknowledgment or admission of the party against whom the instrument is adduced, or that the signature of the party is in his handwriting. If, however, the production of the subscribing witness has from his death or other circumstances become impracticable, the next best evidence is proof of the handwriting of his attesting signature, which covers the entire execution of the instrument, from the presumption that he would not have put his name there in authentication • of what in truth did not occur.
 

 The case of an instrument unattested by any subscribing witness stands upon a quite different footing. There the parties have not made any one the special depository of the fact of execution. The fact may be proved by any witnesses. And the evidence may be direct and positive or indirect and circumstantial. It may relate to what occurred at the time of the transaction, or to subsequent acknowledgments or admissions of the party, either by words or by circumstances of recognition or acquiesence. Or it may be of the handwriting of the party; but that rests upon no higher ground in regard to competency than any other evidence of the fact of execution, whether direct or circumstantial; if it did then, as being of a higher class, it would exclude all evidence not only of subsequent acknowledgments or admissions, but even of what occurred at the time of the transaction. And besides to require proof of the handwriting of the party, presupposes that the signature of his name was written with his own hand, whereas, in simple contracts, at least, if written by some other person at his request or by his authority, it would have been equally effectual.
 

 *In the present case it cannot, I think, be doubted that it would have been competent for a witness to prove that he -presented the account upon which the order is endorsed to Elmore, and at his request, or by his permission, wrote the order, which was signed by Elmore with his own hand, or by some other person at his request; and that such proof of the execution of the order would be direct, positive and complete, without any evidence whatever of the handwriting of Elmore. Here the evidence of these facts was not direct and positive, but indirect and circumstantial; and no one supposes that the law makes any distinction in point of competentcy between these two kinds of evidence, or that the sufficiency of either is not matter for the consideration of the jury. And it is obvious that the evidence of a witness which would otherwise be positive, may be rendered circumstantial by his want of recollection of parts of the transaction, though he still remembers circumstances from which the inference is safe and satisfactory.
 

 The circumstances appearing from the bills of exception are these: 1. The authentication, of Dr. Burton’s account upon which the order is endorsed. His brother was examined as a witness, and deposed that the account was copied by him from Dr. Burton’s books by his direction. 2. The authentication of the body of the order from
 
 *163
 
 its being in the handwriting of the same witness. 3. That the witness would not have written the order without the request of Elmore (which we are warranted in assuming from his being prevented by the Court from speaking to that'p°int). Seel Stark. Ev. pt. 2, p. 332-3, n. and the cases there cited. 4. That the account with the order endorsed, was in the possession of but not retained by Elmore, but came to the possession of Burton or his agent, and was presented to Bowles for his acceptance, and was accepted by him at the foot of the order. 5. That the order was after-wards *paid by Bowles. The two last circumstances are inferences from, but warranted by the evidence, as will be seen by inspecting it. The evidence moreover warrants the inference, that the medical services charged in the account, were rendered by Burton, and that the account itself was presented to Elmore for payment by the agent of Burton.
 

 I cannot doubt that if the evidence offered had been submitted to instead of being excluded from the jury, they might very properly have deemed it sufficient to sustain the set off claimed by the defendant. But whether they would or not, it seems to me that it was proper for their consideration, and I can perceive no principle, nor am I aware of any authority, upon which it ought to have been rejected. Evidence of the handwriting of the party is doubtless proper in such cases, (though in itself circumstantial, ) and is perhaps most usual, because most convenient; and the failure to produce it when obtainable, may in a doubtful case be proper for the consideration of the jury, though entitled to but little weight, for it is equally in the power of either party, and is in its nature of equal force when used negatively as when used affirmatively. But after the lapse, as in this case, of twenty-six years, the fair presumption is that such evidence has perished, if it ever existed; and if so, then the exclusion of other evidence whether direct or circumstantial, to prove the execution of the instrument, has to my mind no colour of reason.